**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

MickMickNYC LLC,

               Plaintiff,

                                 Case No:

      v.

Pop Crave LLC,

                                 JURY TRIAL DEMANDED

               Defendant.

_____/

## COMPLAINT

Plaintiff MickMickNYC LLC ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendant Pop Crave LLC ("*Defendant*") states and alleges as follows:

### INTRODUCTION

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C. §101 *et seq*.

2. Mickey Blank ("*Blank*") is a professional entertainment and celebrity videographer whose work has been widely published by entertainment publications, news outlets, media organizations, celebrity-news services, and digital-media platforms.

3. Plaintiff is a media and licensing company that acquires, owns, manages, licenses, and protects copyrighted audiovisual works, including works created by Blank.

4. Plaintiff regularly creates and licenses video recordings depicting celebrities, entertainers, public figures, cultural events, and matters of public interest. Through substantial investment of time, skill, creativity, training, equipment, travel, and expense, Plaintiff has developed a valuable portfolio of original audiovisual works that are routinely licensed for authorized editorial, commercial, promotional, and digital-media uses.

5. Blank created a Video of Laura Linney's assistant getting attacked and

1

another Video featuring Dianna Agron and Jeremy O. Harris (the "*Videos*") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

6.  Defendant operates a prominent celebrity-news and entertainment-media business that distributes content through social-media platforms.

7.  Defendant owns and operates a social media account on X known as PopCrave (the "*Account*").

8.  Upon information and belief, Defendant uses the Account as a significant component of its publishing, branding, audience-development, advertising, and revenue-generation activities.

9.  Defendant, without permission or authorization from Plaintiff, reproduced and publicly displayed the Videos through the Account in connection with its commercial activities and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

10.  Plaintiff MickMickNYC LLC is a New York limited liability company that maintains its principal place of business in New York, New York

11.  Defendant is a Florida limited liability company with a principal place of business at 1855 NW 15 Ave, Miami in Miami-Dade County, Florida.

## JURISDICTION AND VENUE

12.  This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

13.  This Court has personal jurisdiction over Defendant because it maintains its principal place of business in Florida.

14.  Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

**A.**      **Plaintiff's Copyright Ownership**

15.      Blank is a professional entertainment and celebrity videographer whose work has been widely published by entertainment publications, media organizations, celebrity-news services, and digital-media platforms.

16.      Through substantial investment of time, skill, creativity, training, equipment, travel, and expense, Blank has created a valuable portfolio of original audiovisual works that are routinely licensed for authorized editorial, commercial, promotional, and digital-media uses.

17.      Plaintiff has invested significant time and money in building Plaintiff's Video portfolio.

18.      Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's Videos while many others are the subject of pending copyright applications.

19.      Plaintiff derives income from the licensing and authorized use of copyrighted audiovisual works and relies upon licensing revenue as an important component of its business.

20.      Plaintiff actively protects its copyrighted audiovisual works against unauthorized reproduction, distribution, display, and exploitation.

21.      Through substantial investment of time, skill, creativity, training, equipment, travel, and expense, Blank has created a valuable portfolio of original audiovisual works that are routinely licensed for authorized editorial, commercial, promotional, and digital-media uses.

22.      Plaintiff has invested substantial time, effort, and resources acquiring, managing, licensing, protecting, and commercially exploiting copyrighted audiovisual works, including the Videos at issue herein.

23.      Unauthorized use of Plaintiff's copyrighted audiovisual works deprives

Plaintiff of licensing income, diminishes the value of Plaintiff's copyrighted assets, and interferes with the market for authorized licenses.

24. Plaintiff's Videos are original, creative works in which Plaintiff owns protectable copyright interests.

25. On September 9, 2023, Plaintiff first published Video #1. A screengrab of Video #1 is attached hereto as Exhibit 1.

26. On September 29, 2023, Video #1 was registered by the USCO under Registration No. PA 2-439-037.

27. On October 5, 2023, Plaintiff first published Video #2. A screengrab of Video #2 is attached hereto as Exhibit 1.

28. On October 14, 2023, Video #2 was registered by the USCO under Registration No. PA 2-441-348.

29. In creating the Videos, Blank personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the Video recordings and made each and every artistic determination necessary for the creation of the work.

30. Plaintiff owns, licenses, and commercially exploits audiovisual works, including the Videos, through authorized editorial, commercial, promotional, and digital-media licensing arrangements.

31. Plaintiff owns the copyrights and exclusive rights associated with the Videos through a written assignment from Blank.

32. Plaintiff acquired ownership of the Videos and the copyrights therein by written assignment from Blank and is the owner of all rights, title, and interest relevant to this action.

**B.** **Defendant's Infringing Activity**

33. Defendant is the registered owner of the Account and is responsible for its

content.

34. Defendant is the operator of the Account and is responsible for its content.

35. The Account forms a significant component of and is used to advance Defendant's commercial enterprise.

36. Upon information and belief, Defendant operates one of the most widely followed celebrity-news and entertainment-media brands on social media and distributes entertainment, celebrity, fashion, television, film, music, and pop-culture content to a substantial online audience.

37. Upon information and belief, Defendant regularly publishes photographs, videos, celebrity-related content, entertainment content, and other visual materials selected to attract audience attention, generate user engagement, increase audience reach, and drive traffic to Defendant's media properties and commercial platforms.

38. Upon information and belief, the Account serves as a primary publishing, branding, marketing, and audience-engagement platform through which Defendant disseminates breaking entertainment news, celebrity content, visual media, video recordings, and related editorial materials.

39. Upon information and belief, Defendant regularly publishes photographs, videos, celebrity-related content, entertainment content, and other visual materials selected to attract audience attention, increase user engagement, generate shares and interactions, and expand Defendant's audience reach.

40. Upon information and belief, Defendant derives commercial benefit from operation of the Account through audience growth, advertising opportunities, sponsorship opportunities, brand promotion, publicity, media exposure, licensing opportunities, and related revenue-generating activities.

41. Upon information and belief, Defendant's staff possess substantial experience in gathering, selecting, reviewing, publishing, and distributing celebrity-news, entertainment-industry, and visual-media content and are familiar with industry practices

concerning copyright ownership, licensing, attribution, and content acquisition.

42.     Upon information and belief, Defendant has not implemented adequate internal policies to verify copyright ownership before content use, indicating a gross negligence in legal compliance, which is essential for a company with Defendant's reach, capabilities, and level of sophistication.

43.     Upon information and belief, Defendant's personnel possess substantial experience in gathering, selecting, reviewing, publishing, and distributing celebrity-news, entertainment-industry, and visual-media content and are familiar with industry practices concerning copyright ownership, licensing, attribution, content acquisition, and the protection of intellectual-property rights.

44.     On or about September 9, 2023, without permission or authorization from Plaintiff, Defendant reproduced and publicly displayed Video #1 on the Account as part of an on-line post at URL: https://twitter.com/PopCrave/status/1700587192928665768?ref_src=twsrc%5Etfw%7Ct wcamp%5Etweetembed%7Ctwterm%5E1700587192928665768%7Ctwgr%5E30973680 db90aacbea20346204ee25b0229fae80%7Ctwcon%5Es1_&ref_url=https%3A%2F%2Fd-9450204401074002237.ampproject.net%2F2309082229000%2Fframe.html ("*Infringement*" #1). A copy of a screengrab depicting Infringement #1 is attached hereto as <u>Exhibit 2</u>.

45.     Plaintiff first observed Infringement #1 on September 21, 2023.

46.     On or about October 6, 2023, without permission or authorization from Plaintiff, Defendant reproduced and publicly displayed Video #2 on the Account as part of an on-line post at URL:https://x.com/popcrave/status/1710184230989250924?s=46&t=-OgVnSI3P3MJb4BzFZA9lw ("*Infringement*" #2). A copy of a screengrab depicting Infringement #2 is attached hereto as <u>Exhibit 2</u>.

47.     Plaintiff first observed Infringement #2 on October 6, 2023

48.     The Infringements are copies or substantially similar copies of Plaintiff's

6

original Videos, including protectable elements such as subject matter, timing, camera position, angle, perspective, sequencing, selection, and overall expressive content.

49.     Upon information and belief, Defendant reproduced, displayed, distributed, and otherwise exploited the Videos without license or permission, thereby infringing Plaintiff's copyrights in and to the Videos (collectively, the "*Infringements*").

50.     The Infringements include a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement.

51.     Upon information and belief, Defendant takes an active and pervasive role in the creation, selection, acquisition, licensing, editing, publication, posting, promotion, and display of content appearing on the Account, including Plaintiff's Videos.

52.     Upon information and belief, the Videos were intentionally and willfully selected, published, displayed, distributed, and made available through the Account by Defendant.

53.     Upon information and belief, Defendant did not merely reference, link to, embed, repost, or otherwise direct viewers to Video #2 as it appeared on a third-party account. Rather, Defendant reproduced, uploaded, published, distributed, and publicly displayed Video #2 through Defendant's own post on the Account.

54.     Upon information and belief, publication of Video #2 through the Account required Defendant to obtain and upload a copy of the Video for display through the X platform because the post does not identify Plaintiff's account as the originating source of the video content and does not function as a repost, quote-post, retweet, or other native redistribution mechanism linking viewers to Plaintiff's original publication.

55.     Upon information and belief, Defendant selected Video #2, acquired a copy of Video #2, and then caused Video #2 to be uploaded, published, distributed, and displayed through the Account as native video content.

56. Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringements was apparent. Defendant cannot claim that it was unaware of the infringing activities constituting the Infringements because such a claim would amount to willful blindness.

57. Upon information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States copyright laws.

58. Upon information and belief, Video #2 contained visible source-identifying information, including the watermark "@mickmicknyc," which remained visible in the version published by Defendant. Such information would have placed Defendant on notice that the Video originated from and was associated with a third-party creator, further supporting a finding of willfulness.

59. Upon information and belief, Defendant maintained and exercised the right and ability to control, supervise, review, approve, modify, remove, and otherwise regulate content appearing on the Account.

60. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

61. Upon information and belief, the Infringements increased engagement with the Account and generated additional audience traffic, brand visibility, reader interest, promotional value, and commercial value for Defendant.

62. Upon information and belief, Defendant distributed the Infringements to a broad audience through the Account and derived commercial value from the resulting audience engagement, publicity, promotional exposure, brand visibility, audience growth, increased traffic, and related business-development opportunities.

63. Upon information and belief, Infringement #2 generated approximately 9.7 million views through the Account, resulting in substantial audience engagement, promotional exposure, traffic, and commercial value accruing to Defendant rather than to Plaintiff and Plaintiff's authorized licensing activities.

64.     Defendant's use of the Videos harmed the actual market for the Videos.

65.     Defendant's use of the Videos, if widespread, would harm Plaintiff's potential market for the Videos.

66.     On December 7, 2023, Plaintiff, through counsel, notified Defendant of the infringing activity described herein and demanded that Defendant cease and desist from its unauthorized use of Plaintiff's copyrighted works and compensate Plaintiff for its unauthorized use thereof.

67.     Thereafter, on April 8, 2024, Plaintiff, through counsel, sent an additional communication seeking to resolve the dispute without litigation and affording Defendant a further opportunity to address Plaintiff's claims.

68.     Thereafter, on November 13, 2025, Plaintiff, through counsel, sent an additional communication seeking to resolve the dispute without litigation and affording Defendant a further opportunity to address Plaintiff's claims.

69.     Despite receiving notice of Plaintiff's claims and being afforded multiple opportunities to resolve the matter amicably, Defendant failed and/or refused to adequately address Plaintiff's claims.

70.     Upon information and belief, the Infringements remained publicly accessible through the Account after Defendant received Plaintiff's notices concerning the Infringements, including Infringement #2.

71.     Despite receiving notice of Plaintiff's claims, Defendant continued to reproduce, display, distribute, and otherwise exploit at least one of the Videos through the Account. Upon information and belief, Infringement #2 remained publicly accessible through the Account after Defendant received Plaintiff's notices concerning the Infringements and had generated approximately 9.7 million views. Such post-notice conduct evidences Defendant's knowledge of Plaintiff's rights and supports a finding that Defendant's infringement was knowing, intentional, and willful.

72.     The commencement of this action was therefore necessary to protect

9

Plaintiff's rights under the Copyright Act.

73. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

74. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

75. The Videos are an original, creative work in which Plaintiff owns a valid copyright.

76. The Videos are properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

77. Plaintiff has not granted Defendant a license or the right to use the Videos in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

78. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

79. Defendant's reproduction of the Videos and display of the Videos constitutes willful copyright infringement.

80. Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Videos in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Videos without Plaintiff's consent or authority.

81. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is

entitled to any an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

82. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

83. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

<b><u>JURY DEMAND</u></b>

84. Plaintiff hereby demands a trial of this action by jury.

<b><u>PRAYER FOR RELIEF</u></b>

**WHEREFORE,** Plaintiff respectfully requests that the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Videos in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

    a. finding that Defendant infringed Plaintiff's copyright interest in and to the Videos by copying and displaying it without a license or consent;

    b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

    c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

    d. for costs of litigation and reasonable attorney's fees against Defendant

pursuant to 17 U.S.C. § 505;

    e.      for pre-judgment interest as permitted by law; and

    f.      for any other relief the Court deems just and proper.

DATED: August 11, 2026

**SANDERS LAW GROUP**

By:   */s/ Craig Sanders*
Craig Sanders, Esq. (Fla Bar 0985686)
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 129160

*Attorneys for Plaintiff*

12